**C.L.G., an unemancipated female minor, seventeen years of age, Plaintiff,**

**v.**

**William L. WEBSTER, Attorney General of the State of Missouri, and the State of Missouri, Defendants.**

**No. 85–4302–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

Aug. 7, 1985.

Frank Susman, Thomas M. Blumenthal, Susman, Schermer, Rimmel & Parker, St. Louis, Mo., Doug Ghertner, Kansas City, Mo., for plaintiff.

Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER

WRIGHT, District Judge.

This action is factually similar to *T.L.J. v. Ashcroft*, 585 F.Supp. 712 (D.C.Mo.1983).. In that action, this Court temporarily restrained the application of Missouri Revised Statute § 188.028 to the plaintiff therein.[1] Plaintiff T.L.J. ultimately received an abortion, without parental consent or court-ordered self-consent.[2]

Mo.Rev.Stat. § 188.028 does indeed establish the procedure and criteria necessary to legally perform abortions on unemancipated female minors. The statute

---

[1] Mo.Rev.Stat. § 188.028

*Minors, abortion requirements and procedure*

1. No person shall knowingly perform an abortion upon a pregnant woman under the age of eighteen years unless:

(1) The attending physician has secured the informed written consent of the minor and one parent or guardian; or

(2) The minor is emancipated and the attending physician has received the informed written consent of the minor; or

(3) The minor minor has been granted the right to self-consent to the abortion by court order pursuant to subsection 2 of this section, and the attending physician has received the informed written consent of the minor; or

(4) The minor has been granted consent to the abortion by court order, and the court has given its informed written consent in accordance with subsection 2 of this section, and the minor is having the abortion willingly, in compliance with subsection 3 of this section.

\* \* \* \* \* \*

2. (6) An appeal from an order issued under the provisions of this section may be taken to the court of appeals of this state by the minor or by a parent or guardian of the minor. The notice of intent to appeal shall be given within twenty-four hours from the date of issuance of the order. The record on appeal shall be completed and the appeal shall be perfected within five days from the filing of notice of appeal. Because time may be of the essence regarding the performance of the abortion, the Supreme Court of this state shall, by court rule, provide for expedited appellate review of cases appealed under this section.

[2] See the Order of this Court, Nov. 4, 1983, *T.L.J. v. Ashcroft*, 585 F.Supp. 712.

requires unemancipated minors to secure parental consent or court-ordered right to self-consent. Mo.Rev.Stat. § 188.028.1. The statute provides the procedure to be followed in obtaining the court-ordered self-consent as well as quantitative limits on the filing and perfection of [expedited] appeals from such decisions. Mo.Rev.Stat. § 188.028.2(6).

### Background

At the time this action was filed, plaintiff was indeed an unemancipated, pregnant, minor, seeking an abortion without parental involvement or consent. Plaintiff filed a verified complaint seeking to represent the entire class of unemancipated pregnant females under the age of eighteen years residing in the State of Missouri who desire to terminate their pregnancies without parental consent and/or involvement. Plaintiff requested designation of a class and certification as class representative. Plaintiff's claim for relief is based on her assertion that Mo.Rev.Stat. § 188.028 is unconstitutional on its face, and as presently applied, by reason of the failure of the Missouri Supreme Court to "fill the gaps of the statute by court rule" in order to ensure an expedited hearing on appeal of the juvenile court's decision regarding self-consent.

■ Plaintiff has never applied for court-approved self-consent, and thus has had no occasion to seek an expedited appeal therefrom. At the time this action was filed plaintiff maintained it would be "impractical" to seek judicial authority for such a medical proceeding, alleging that the State of Missouri has established no mechanism to expedite such a request for judicial authority.[3] Nevertheless, plaintiff now asks this Court to declare Mo.Rev.Stat. § 188.028 unconstitutional and permanently restrain its application to plaintiff, and those members of the putative class, pending the promulgation and adoption of rules of civil procedure providing for expedited appeals of Juvenile Court decisions rendered pursuant to Mo.Rev.Stat. § 188.028.

For the following reasons, plaintiff's motion for judgment on the pleadings will be denied, and this action will be dismissed.

### Opinion

■ The relevant legal standards surrounding parental consent requirements vis-a-vis unemancipated minors' abortions are not in dispute. See Planned Parenthood Association of Kansas City, Mo., Inc. v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 2525, 76 L.Ed.2d 733 (1983); City of Akron v. Akron Center for Reproductive Health, Inc., 462 U.S. 416, 103 S.Ct. 2481, 2497, 76 L.Ed.2d 687 (1983). The United States Supreme Court has continued to hold that a state's interest in protecting immature minors will sustain a requirement of a consent substitute, either parental or judicial. Ashcroft, supra, 103 S.Ct. at 2525. The state, however, must provide an alternative whereby a pregnant minor may demonstrate that she is sufficiently mature to make the abortion decision herself, or that despite her immaturity an abortion would be in her best interest. Akron, supra, 103 S.Ct. at 2497–98.

■ To pass Constitutional muster, however, the [statutory] alternative to parental consent must assure that the resolution of the issue will be completed with anonymity and sufficient expedition to provide an effective opportunity for an abortion to be obtained. Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 3048, 61 L.Ed.2d 797 (1979). This includes an expeditious appeal from an

---

**3.** At this time plaintiff, C.L.G., no longer needs or desires an abortion. The Court has been informed that C.L.G.'s pregnancy has been terminated by abortion. Unlike the T.L.J. action, however, plaintiff's receipt of the requested relief does not necessarily render this action moot. Insofar as C.L.G. is approximately 17 years, 4 months old, she may again become an unemancipated, pregnant minor—i.e., her condition is truly capable of repetition; to declare her claim moot may cause it to evade review. See Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). Furthermore, as a proposed class representative, the mooting of C.L.G.'s claim [even] prior to the certification of a class does not necessarily render this action moot. See Gerstein v. Pugh, 420 U.S. 103, 110, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975); United States Parole Com'n v. Geraghty, 445 U.S. 388, 398, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980).

initial (judicial) decision denying a plaintiff the right to self-consent.

Plaintiff challenges the facial constitutionality of Mo.Rev.Stat. § 188.028 and its constitutionality as applied to her and members of the purported class. The Court addresses her claims seriatim.

### A. Facial Constitutionality

In challenging the facial constitutionality of Mo.Rev.Stat. § 188.028, plaintiff asks this Court to ignore the United States Supreme Court's decision in *Planned Parenthood Assoc. of Kansas City, Mo., Inc. v. Ashcroft.* As plaintiff well knows,[4] in *Ashcroft*, the United States Supreme Court upheld a challenge to the facial constitutionality of the parental consent portion of Mo.Rev.Stat. § 188.028. *Ashcroft, supra,* 103 S.Ct. at 2526.

The Supreme Court did emphasize, however, the constitutional necessity of an expedited appeal process from initial judicial self-consent decisions. It must be noted that at the time the *Ashcroft* case was decided no unemancipated minor had been required to comply with the statute [and seek an expedited appeal).[5] The Supreme Court, however, asserted that Mo.Rev.Stat. § 188.028, as written, provided the framework for a constitutionally sufficient means of expediting judicial procedures. *Ashcroft, supra,* 103 S.Ct. at 2525 n. 16.

At the time *Ashcroft* was argued, there was no Missouri Rule of Civil Procedure concerning expedited appeals from judicial decisions under Mo.Rev.Stat. § 188.028.[6] The Supreme Court, however, found no reason to believe that Missouri appellate courts would not expedite any appeal consistent with the mandate in their prior opinions. *Ashcroft, supra,* 103 S.Ct. at 2525 n. 16. Although the Supreme Court may have suggested the advisability of procedural rules to define and facilitate expedited appeal, they neither expressed, nor even implied, an intention to conditionally uphold the constitutionality of Mo.Rev.Stat. § 188.-028 pending promulgation of detailed rules governing such appeals.

Despite this Court's reservations about Mo.R.Civ.Pro. 84.02, the fact that this rule was promulgated after the argument in *Ashcroft* (and presumably without knowledge of the Supreme Court) would seem to *strengthen* the constitutionality of the statute. Moreover, the [constitutionally required] expedition of this type of appeal could, arguably, be accomplished without a specific rule of court. The statute itself contains a section concerning procedural details of the appeal, *Ashcroft, supra,* 103 S.Ct. at 2525 n. 16; interestingly enough, used as a "model" by the Seventh Circuit Court of Appeals in striking down an Illinois self-consent statute.[7]

 The United States Supreme Court has clearly upheld the facial constitutionality of Mo.Rev.Stat. § 188.028. Furthermore, as if to fulfill the Supreme Court's prophecy, Missouri has indeed promulgated a rule of court demanding expedited appeal of cases appealed under Mo.Rev.Stat. § 188.028.2(6). The Constitution demands *expedited appeal,* not detailed rules of pro-

---

**4.** Plaintiff's counsel herein was the attorney of record in the *Ashcroft* case, and argued the same before the United States Supreme Court.

**5.** The *Ashcroft* case was the initial [constitutional] challenge to Mo.Rev.Stat. § 188.028. The District Court therein had enjoined enforcement of the statute almost immediately after the statute became effective. *See Planned Parenthood of Kansas City, Mo. v. Ashcroft,* 462 U.S. 476, 103 S.Ct. 2517, 2525 n. 16, 76 L.Ed.2d 733 (1983).

**6.** On January 1, 1983, the Missouri Supreme Court amended Rule 84.02 of the Missouri Rules of Civil Procedure to provide that "appellate review of cases appealed under Section 188.028.-2(6), RSMo., shall be expedited." Missouri Rules of Court, Missouri Supreme Court Rule

84.02, 16th Ed., 1985. This amendment came subsequent to the date *Ashcroft* was argued, but prior to the decision of the United States Supreme Court. The language of the *Ashcroft* decision, especially note 16, makes it clear that the Supreme Court remained unaware of the [recent] amendment to the Missouri Rules of Court.

**7.** *See Zbaraz, et al. v. Hartigan, et al.,* 763 F.2d 1532 (7th Cir.1984). The Seventh Circuit Court of Appeals declared the Illinois self-consent statute unconstitutional due in part to its failure to provide any regulation of appellate procedure such as the limitations imposed by the Missouri statute. *See* at 1540, 1541.

cedure. Regardless of the language of the *rule* itself, there can be no doubt the *statute* is constitutional on its face, and plaintiff's challenge thereto cannot be made consistent with the United States Supreme Court's decision in *Akron, Bellotti* and *Ashcroft.*

### B. *Constitutionality "As Applied"*

Plaintiff, C.L.G., has never made application to a juvenile court pursuant to the requirements of Mo.Rev.Stat. § 188.028.2. C.L.G. has never been denied judicial consent pursuant to the statute, nor has she ever sought appellate review pursuant to the provisions of § 188.028.2(6). Finally, Missouri Rule 84.02 has never been applied to C.L.G.

Plaintiff's inability to challenge the constitutionality of the Missouri statute, as applied, is readily apparent. Plaintiff insists that Rule 84.02 makes it "impractical" to comply with the provisions of Mo.Rev. Stat. § 188.028. Plaintiff's failure to seek judicial ordered self-consent, given the established facial constitutionality of Mo.Rev. Stat. § 188.028, precludes further constitutional challenge to the Missouri statute in this Court. Quite simply, as the Missouri statute has never been applied to plaintiff, she cannot be heard to complain that it is unconstitutional "as applied" to her.

Article III of the United States Constitution prevents this Court from issuing speculative, advisory, or hypothetical decisions. *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Plaintiff clearly lacks the real or threatened injury, or personal stake in this action, fairly traceable to defendants' alleged unlawful conduct that will support this Court's exercise of jurisdiction. *See Allen v. Wright,* — U.S. —, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Plaintiff cannot herein challenge the application of the Missouri statute—plaintiff has never applied to the juvenile court for majority rights or an order of self-consent, nor has she ever been denied such relief and then sought appellate review.

Since the facial validity of Section 188.028 has been upheld, plaintiff has neither standing nor cause to challenge the constitutionality of that section. Until such time as a Missouri appellate court fails to apply Section 188.028.2(6) and Rule 84.02 to plaintiff in a manner consistent with the mandate expressed by the Supreme Court of the United States regarding expedition of appeal in this type of case, this Court is powerless to afford plaintiff the relief she requests.

Accordingly, this action will be dismissed; plaintiff C.L.G. cannot challenge the facial constitutionality of Mo.Rev.Stat. § 188.028, nor does she have standing to challenge it as applied to her. Moreover, the stay of this Court's previous order of May 29, 1985 will be vacated, and, for the reasons stated in that order, the T.L.J. action will also be dismissed. The State of Missouri is thus free to enforce or apply Mo.Rev.Stat. § 188.028 consistent with the United States Supreme Court's decision in *Ashcroft* and this order.

Therefore, it is hereby

ORDERED that plaintiff's motion for judgment on the pleadings is denied, and this action will be dismissed due to plaintiff's failure to state a claim for relief and lack of standing.